TOM R. JENNINGS *v.* THE STATE.

1. CARRYING PISTOL — JURISDICTION OF COUNTY COURT. — By "An act to organize County Courts," etc., and section 3 of "An act to provide for election of justices of the peace," etc., the Legislature has conferred upon the County Courts concurrent jurisdiction with justices' courts to try persons charged with unlawfully carrying pistols.

·2. SAME — FORFEITURE OF PISTOL — CONSTITUTIONAL LAW. — That part of the act which provides for the forfeiture of the pistol, in case of conviction, is unconstitutional.

APPEAL from the County Court of Nacogdoches. Tried below before the Hon. R. H. MORRIS, County Judge.

*P. F. Edwards*, for the appellant.

*George McCormick*, Assistant Attorney-General, and *S. S. Johnson*, for the State.

ECTOR, P. J.   The defendant in this case was prosecuted and convicted under article 6512, Paschal's Digest, for unlawfully carrying a pistol about his person. This article provides that in case of conviction, the defendant, for the first offence, shall be fined not less than $25 nor more than :$100, and shall forfeit to the county the weapon or weapons so found on or about his person.

The first question which we propose to consider is this: Did the County Court have jurisdiction to try this cause?

Courts established by written law cannot transcend the jurisdiction of the law of their creation. We will first refer to sections 16, 19, and 22 of article 5 of the Constitution. The provision of the Constitution under which the Legislature established the County Courts is found in section 16, article 5, which provides that "the County Court shall have original jurisdiction in all misdemeanors of which exclusive original jurisdiction is not given to the justice's court, as the same are now or may be hereafter prescribed by law,

and when the fine to be imposed shall exceed two hundred dollars," etc.

" Sec. 19. Justices of the peace shall have jurisdiction, in criminal matters, of all cases when the penalty or fine to be imposed by law may not be more than for two hundred dollars," etc.

" Sec. 22. The Legislature shall have power, by local or general law, to increase, diminish, or change the civil and criminal jurisdiction of County Courts ; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

Section 3 of " An act to amend an act entitled ' An act to organize the County Courts, and define their powers and jurisdiction,' " approved June 16, 1876, is as follows :

" The County Court shall have exclusive original jurisdiction of all misdemeanors, except misdemeanors involving official misconduct, and except such misdemeanors as are punishable by fine only, and in the punishment of which the highest fine to be imposed may not exceed two hundred dollars ; that in cases where the offence charged is within the jurisdiction of the County Court, the court shall hear and determine the case, notwithstanding the proof may show an offence not within the jurisdiction herein conferred ; *provided*, however, that nothing contained in this section shall be so construed as to prohibit the District Court from hearing and finally determining all charges of felony, whether the proofs develop a felony or misdemeanor." Gen. Laws 1876, p. 172.

The third section of " An act to provide for the election of justices of the peace, and to define their powers and jurisdiction," provides as follows :

" Sec. 3. Justices of the peace shall have and exercise original concurrent jurisdiction with other courts in all cases arising under the criminal laws of this State, except misdemeanors involving official misconduct, in which the punish-

ment shall be by fine, and the maximum does not exceed two hundred dollars," etc.   Gen. Laws 1876, p. 155, sec. 3.

By the section of the act last cited the Legislature conferred upon the County Court concurrent jurisdiction with the justices' courts to hear and determine the case at bar, if it did not already have jurisdiction to try it.   See the case of Pat Solon, decided at this term of the court, *post,* p. 301.

The next question to determine is this: Is that part of article 6512, Paschal's Digest, which relates to the forfeiture of the pistol constitutional?   The assistant attorney-general calls our attention to section 23, article 1, of the Constitution, and insists that it enlarges the power of the Legislature to regulate the keeping, the bearing, and the wearing of arms, with a view to prevent crime; and that, under the power conferred by this section, the Legislature could provide such regulations and declare such penalties as it saw proper, provided such punishment was not cruel or unusual.

Section 23, article 1, of the Constitution is as follows: "Every citizen shall have the right to keep and bear arms in the lawful defence of himself or the State; but the Legislature shall have power by law to regulate the wearing of arms, with a view to prevent crime."

We believe that portion of the act which provides that, in case of conviction, the defendant shall forfeit to the county the weapon or weapons so found on or about his person is not within the scope of legislative authority. The Legislature has the power by law to regulate the wearing of arms, with a view to prevent crime, but it has not the power to enact a law the violation of which will work a forfeiture of defendant's arms.   While it has the power to regulate the wearing of arms, it has not the power by legislation to take a citizen's arms away from him.   One of his most sacred rights is that of having arms for his own

defence and that of the State.    This right is one of the surest safeguards of liberty and self-preservation.

The act under consideration contains other useful and salutary provisions which have been held not obnoxious to any just constitutional exceptions by a long line of decisions in this State, and which are capable of being executed independent of that part of it which is herein decided to be unconstitutional.    Because the defendant, by the judgment of the County Court, on conviction was divested of his pistol, the judgment is reversed and the cause remanded.

*Reversed and remanded.*